IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE DALE EAST, and<br>JOSEPH D EAST,<br><br>   Plaintiffs,<br><br>vs.<br><br>WILLIAM DARR, and<br>LISA DARR,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 23-cv-1684-DWD<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff Maurice Dale East's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3). For the reasons detailed below, his Motion will be denied, and his Complaint (Doc. 1) will be dismissed for lack of jurisdiction.

## Background

On May 17, 2023, Plaintiff Maurice Dale East filed his current Complaint against Defendants William Darr and Lisa Darr (Doc. 1).[1] At the time he filed his Complaint, Plaintiff was detained at the Sheriff's Department in Jersey County, Illinois (Doc. 1).

---

[1] The Complaint also appears to name the individual, Joseph D. East, as a Plaintiff. However, Mr. Joseph East did not sign the complaint, in violation of Fed. R. Civ. P. 11, which provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." *See* Fed. R. Civ. P. 11. Moreover, the Court is unable to discern from Plaintiff's pleadings whether Mr. Joseph East is a minor or adult. Regardless, it is inappropriate for non-attorneys to file or sign papers on behalf of another litigating. Accordingly, as long as Plaintiffs appear without counsel in this action, each Plaintiff must sign all documents for themselves. *See Hope v. Int'l Bhd. of Elec. Workers, Ninth Dist.*, 785 F.2d 826, 831 (9th Cir. 1986). Because Plaintiff Joseph East has not signed the Complaint filed in this action, Rule 11 normally requires the Court to strike the complaint as to his purported claims, *see* Fed. R. Civ. P. 11(a), however, here, the entire Complaint will be dismissed for want of jurisdiction.

However, on May 24, 2023, Plaintiff filed a Notice of Change of Address, reflecting an address in Kane, Illinois (Doc. 5).  This matter is one of three complaints Plaintiff recently filed in this District.  *See East v. Darr*, SDIL Case No. 23-1685-SPM and *East v. Jersey County, Illinois State's Attorney Office, et. al*, SDIL Case No. 23-1663-DWD.  The allegations in his current complaint appear to overlap with some of the factual allegations in his other actions.  However, here, Plaintiff proceeds only against Defendants William Darr and Lisa Darr.

Accordingly, as is relevant to his current Complaint, Plaintiff alleges that William and Lisa Darr are his neighbors, and that they committed numerous wrongdoings against him (Doc. 1).   These alleged grievances began in at least 2019 and are continuing.  They generally include three categories of alleged wrongful conduct. The first, involves physical injuries Plaintiff, and Joseph East, allegedly sustained at a pool party Defendants held on Defendants' property in Fieldon, Illinois.  According to Plaintiff, these injuries occurred on July 24, 2021.

The second set of events concern an interaction between Plaintiff and Defendant William Darr occurring on January 13, 2019.  According to Plaintiff, Defendant William Darr was present at Plaintiff's home in Fieldon, Illinois and threatened violence against Plaintiff.  After Plaintiff told Defendant William Daar to leave, Defendant obtained an order of protection against Plaintiff based on lies.  Plaintiff references this interaction later in his pleadings.  Then, on June 18, 2022, Defendant William Darr drove to Plaintiff's relatives' house in Fieldon, Illinois to "scope the place out" for when Plaintiff paroles.

According to Plaintiff, Defendant William Darr plans to carry out the violence he threatened against Plaintiff on January 13, 2019.

The third set of events concerns Defendant William Darr's interactions and conversations with third parties concerning Plaintiff's ongoing court proceedings in Jersey County, Illinois. Although the record is largely devoid of any information concerning these proceedings, a review of publicly available online records from the Jersey County Clerk's Office reveal that Plaintiff has at least four open criminal cases, and over a dozen matters that were filed against in him in the past five years.[2] According to Plaintiff, Defendant William Darr frequently meets with the Jersey County State's Attorney, Ben Goetten, to interfere with Plaintiff's ongoing cases. Plaintiff also alleges that Attorney Goetten is related to Defendant Lisa Darr.

Defendant William Darr's conversations are alleged to have occurred consistently throughout 2021 and 2022. Plaintiff maintains that during these conversations, Defendant William Darr lies and defames Plaintiff's character and reputation, and that these conversations amount to obstruction of justice and witness tampering. Further, after many of these conversations, Defendant William Darr contacts third parties, including Plaintiff's son, Joseph East, and Plaintiff's ex-wife, Dia Darr.[3] Defendant

---

[2]These records are available electronically at: https://www.judici.com/courts/cases/case_search (last accessed May 24, 2023). It is appropriate for the Court to take judicial notice of these records. *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) (The Court "has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review. Determinations to be judicially noticed include 'proceedings in other courts, both within and outside of the federal judicial system if the proceedings have a direct relation to matters at issue.").

[3]Construing the allegations in Plaintiff's Complaint liberally, the Court infers that Joseph East and Dia Darr are related to Plaintiff in these capacities, however, portions of Plaintiff's complaint are illegible as to these specific details.

William Darr speaks with these third parties for the specific purpose of obstructing Plaintiff's legal proceedings, and encouraging the third parties to testify against Plaintiff. In sum, Plaintiff accuses Defendants of conspiring with many witnesses, attorneys, and judges in Jersey County, Illinois for the purpose of interfering with Plaintiff's criminal proceedings, and he brings this civil rights actions for purported violations of 42 U.S.C. § 1983.

## Discussion

The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate is unable to prepay the fee, he may apply to proceed *in forma pauperis* to obtain permission to pay the fee with monthly deductions from his trust fund account. An inmate seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the inmate has on deposit in his trust fund account, and submit a certified copy of his trust fund account where he is confined. 28 U.S.C. § 1915(a)(2). Here, Plaintiff's Motion included a certification from an authorized officer of the Jersey County Sheriff's Office (Doc. 4, p. 4). This certification indicates that as of January 2023, Plaintiff had a zero balance in his account at the Jersey County Jail. Although Plaintiff did not include a copy of his inmate's trust fund account, Plaintiff did complete a financial affidavit showing multiple expenses and no employment (Doc. 4, pp. 1-3).

Further, although Plaintiff appears to have been released from custody after filing his Complaint (Doc. 5), 28 U.S.C. § 1915(h) can also be applied to non-prisoners, and permits a federal court to authorize a civil case to proceed without prepayment of fees if

an IFP applicant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1). *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (District courts "have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. The district court may screen the complaint prior to service on the defendants and must dismiss the complaint if it fails to state a claim."). Two issues must be resolved before *in forma pauperis* status can be granted. First, the plaintiff must show that he is indigent by submitting an affidavit that "includes a statement of all assets [he] possess [showing] that [he] is unable to pay such fees or give security therefor"; and second, plaintiff's complaint must not be clearly frivolous or malicious, must state a claim on which relief may be granted, and may not seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Accordingly, upon review of Plaintiff's financial affidavit, and for the purposes of this Motion only, the Court is satisfied that Plaintiff is indigent. Nevertheless, and more importantly, Plaintiff's Motion will still be denied because the Court lacks jurisdiction over his claims. Courts screen complaints under 28 U.S.C. § 1915A in the same manner they review motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Thus, to proceed *in forma pauperis*, Plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there

5

is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Here, Plaintiff alleges that Defendants, his retired neighbors, have threatened him, defamed him, and wrongfully interfered with his ongoing legal proceedings. In addition, Plaintiff alleges that he was injured on Defendants' property. However, the Court discerns no basis for federal liability from Plaintiff's allegations. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that he or she was deprived of a right secured by the Constitution or the laws of the United States and that the deprivation occurred at the hands of a person acting under the color of state law. *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

"Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials." *London v. RBS Citizens, N.A.*, 600 F.3d 742 (7th Cir. 2010). Although private persons may be sued under § 1983 when they are acting under color of state law, "they may not be sued for 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Two conditions must be satisfied before a private party's actions are deemed to be taken under color of state law: First, the alleged deprivation of federal rights must have been caused by the exercise of a right, privilege, or rule created or imposed by the state, or someone for whom the

6

state is responsible. Second, the private party must be a person who may fairly be said to be a state actor. *See id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) and *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50). Here, Plaintiff seeks redress for what can best be described (for screening purposes) as state-law common law torts or state-law statutory violations. However, because Plaintiff does not allege that Defendants are alleged state actors, his Complaint may not proceed under section 1983.

Absent a basis for federal liability, Plaintiff may proceed in this Court only if diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a). That is, Plaintiff must have alleged facts showing that the action is between citizens of different states. *Id.* The burden of showing complete diversity rests with the party seeking to invoke federal jurisdiction. *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). A party must support his allegations of jurisdiction with evidence that proves "to a reasonable probability that jurisdiction exists." *Id.* (internal quotation marks and citations omitted). Plaintiff made no such showing, and the Court has no reason to believe that any potential defendants to Plaintiff's claims are not citizens of the State of Illinois. Consequently, Plaintiff has not demonstrated jurisdiction of this Court over his claims.

## Disposition

Seeing no basis for jurisdiction, Plaintiff's Complaint (Doc. 1) is **DISMISSED for lack of jurisdiction**. Plaintiff's Motion to Proceed IFP (Doc. 3) is **DENIED, without prejudice**. The Court acknowledges that Plaintiff incurred the obligation to pay the filing fee at the time he filed his Complaint. *See Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998); *Lucien v. Jockisch*, 133 F.3d 464, 467–68 (7th Cir. 1998) (fee remains due even where

suit is dismissed). But since Plaintiff appears to have mistakenly filed suit in the wrong court, the Court will deny his Motion without prejudice to him seeking to proceed IFP in an appropriate forum. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

    **SO ORDERED.**

    Dated: May 30, 2023

                                            DAVID W. DUGAN
                                            United States District Judge